IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHELLE R. PURCELL

v.                                          CIVIL ACTION NO.
                                            Jury

ERIC K. SHINSEKI, SECRETARY OF THE
DEPARTMENT OF VETERANS AFFAIRS

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, Michelle R. Purcell, hereafter referred to as plaintiff, files this original complaint against defendant, Eric K. Shinseki, Secretary of the Department of Veterans Affairs, and shows as follows:

1. This action arises under 42 U.S.C. Sec. 2000e, et seq., the Civil Rights Act of 1964, as amended. The Court has jurisdiction under 28 U.S.C. Sec. 1346 and Sec. 1331. The actions of agents and employees of defendant, the United States of America through its agency the Department of Veterans Affairs, constitute conduct for which the Department of Veterans Affairs is responsible to plaintiff under the the Civil Rights Act of 1964, as amended in that these agents and employees committed the actions hereafter described giving rise to claims for damages by plaintiff. The actions by defendant constitute actions in violation of federal law for which defendant is liable.

2. All administrative remedies have been exhausted, including the timely filing of a complaint of discrimination by Purcell in the Department of Veterans Affairs, Michelle R. Purcell v.

1

Department of Veterans Affairs, Agency no. 2003-0580-2012104418 on December 3, 2012. That complaint of discrimination was filed in the Equal Employment Opportunity Commission under no. 460-2013-00134X. The Commission acknowledged plaintiff's request for a hearing on October 22, 2013. More than 180 days have elapsed since plaintiff's request for a hearing.

    3. Plaintiff is a U.S. Citizen of female gender residing in Conroe, Texas, in the Southern District of Texas.

    4. Defendant is an agency of the United States doing business in Texas and operating a principal place of business in Houston, Harris County, Texas. At all times relevant hereto, defendant's principal place of business was located in the Southern District of Texas. At all times relevant hereto, defendant had in excess of fifteen employees and was plaintiff's employer.

    5. Plaintiff was discriminated against and/or harassed on account of her gender, female and suffered adverse employment action by being terminated from her employment. She was also retaliated against because of her opposition to unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, as described above.

    6. At all times during her employment, plaintiff was a good, competent, dependable and loyal employee. She was capable of performing and did perform all the essential requirements of her job, licensed vocational nurse. Plaintiff sustained adverse employment action in that defendant pretextually terminated her employment.

7. During the late summer of 2012, plaintiff sustained uninvited, unwanted and offensive sexual harassment from a co-worker, one Bernard Lechler, also a licensed vocational nurse. The harassment took place during working hours, and at plaintiff's work area. The sexual harassment culiminated in a physical assault upon plaintiff by Lechler on August 9, 2012. Lechler, who is physically imposing, weighing 310 pounds, and standing five feet ten inches in height, approached plaintiff from behind, seized her arm with one hand and wrenched it violently, while seizing and pulling her hair with his other hand. His uninvited, unwanted and offensive actions were followed by similar provocative sexual comments. Lechler has a criminal history of assaultive behavior, having been convicted of assault causing bodily injury prior to being hired by Department of Veterans Affairs.

8. While Purcell had a pre-existing condition in her shoulder, Lechler's assault rendered her shoulder totally dysfunctional and she has been determined to be totally disabled.

9. Purcell reported the above matters to multiple supervisors, asserting claims of sexual discrimination and harassment. However, defendant took no responsive action. Rather than taking action to address the sexual harassment and discrimination reported by plaintiff, it sought to conceal it by mischaracterizing Purcell's complaints as resulting from "horseplay".

## FIRST CLAIM FOR RELIEF

10. Defendant is liable to plaintiff for its discrimination against her and harassment of her on account of her gender in

violation of Title VII of the Civil Rights Act of 1964, as amended. Defendant's unlawful conduct has proximately caused plaintiff actual damages, including lost earnings and earning capacity and employment benefits, physical and emotional pain and suffering and other damages all in amount in excess of the threshold monetary requirements of this court.

## SECOND CLAIM FOR RELIEF

11. Defendant subjected plaintiff to unlawful employment practices on account of her gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e) et seq., and further retaliated against plaintiff for asserting rights under federal antidiscrimination statutes. As a result of such action plaintiff is entitled all appropriate retroactive job-related benefits and reasonable attorney fees, or alternatively, front pay, reasonable attorney fees, and other necessary equitable relief.

12. Purcell has been required to obtain counsel to prosecute her claims and is entitled to recover her reasonable attorney's fees in this matter.

Wherefore, Purcell requests that defendant be summoned to appear and answer and that on final trial she have the following:

1. Judgment against defendant for damages in an amount within the jurisdictional limits of the court.
2. Attorney's fees in a reasonable amount, together with conditional awards in the event of appeal.
3. Interest prior to judgment from the date due

       to date of judgment at the maximum rate prescribed by law.

4. Her costs in the matter.

5. Interest after judgment at the maximum lawful rate on all the above sums from date of judgment until paid.

6. Such other and further relief to which she may be justly entitled.

Plaintiff demands a trial by jury.

      Respectfully submitted,

      Law Office of Woodrow Epperson

      _____
      Woodrow Epperson
      10565 Katy Freeway
      Suite 250
      Houston, Texas 77024
      (713) 973-6303
      FAX (713) 973-1882
      Southern Dist. No. 143
      Texas Bar No. 06637000
      jepper1068@aol.com

      Attorney in Charge for Michelle R. Purcell

      George Crow
      Law Office of George Crow
      P. O. Box 30
      Katy, Texas 77492-0030
      (281) 391-9275
      Fax (281) 391-9280
      Southern Dist. No. 12060
      Texas Bar No. 0515900
      Georgecrow@earthlink.net

Carla D. Epperson  
10565 Katy Freeway  
Suite 250  
Houston, Texas 77024  
(713) 973-6303  
FAX (713) 973-1882  
Southern Dist. No. 38829  
Texas Bar No. 24002057  
jepper1068@aol.com  

Attorneys for  
Michelle R. Purcell
